UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DEUNTA FINCH, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 3:20-cv-00653 |
| v. ) | |
| ) | Judge Marvin E. Aspen |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Judge:

Petitioner Deunta Finch pled guilty to four criminal counts, including one count of violating 18 U.S.C. § 924(c)(1) by knowingly using, carrying, brandishing, and discharging a firearm during and in relation to a crime of violence. We sentenced Finch to a total of 290 months' imprisonment for all counts, and the Sixth Circuit affirmed. *United States v. Finch*, 764 F. App'x 533, 534–35 (6th Cir. 2019). Before us is Finch's motion under 28 U.S.C. § 2255 to vacate his § 924(c)(1) conviction based on the Supreme Court's decision in *United States v. Davis*, 588 U.S. ---, 139 S. Ct. 2319 (2019). (Motion to Vacate, Set Aside, or Correct Sentence in Accordance with 28 U.S.C. § 2255 ("Mot.") (Civ. Dkt. No. 1).)[1] For the following reasons, we grant Finch's motion.

**BACKGROUND**

Finch—a gang member, crack cocaine dealer, and previously convicted felon—was charged with crimes arising out of two separate shooting incidents. *Finch*, 764 F. App'x at 534.

---

[1] Citations to "Civ. Dkt. No." refer to Finch's post-conviction habeas case, Case No. 3:20-cv-00653 (M.D. Tenn.). Citations to "Crim. Dkt. No." refer to Finch's underlying criminal case, Case No. 3:16-cr-00019-1 (M.D. Tenn.). For ECF filings, we cite to the page number(s) set forth in a document's ECF footer.

The first shooting involved Finch and a friend, "as passengers in a moving vehicle, exchanging fire with the driver of another vehicle over some driving-related disagreement." *Id.* The second shooting involved Finch and a rival drug dealer named Mason. *Id.* at 535. Finch and Mason were sitting in the same car when Finch "brandished a firearm and attempted to rob Mason of cocaine, crack cocaine, and drug proceeds." *Id.* "The two tussled over the weapon," which discharged. *Id.* "[T]he bullet grazed Mason's thigh, and both fell out of the car." *Id.* Finch and Mason "continued to wrestle for the gun, and [Finch] ultimately shot Mason in the left knee and pistol-whipped him in the head before taking some of Mason's cocaine and his car." *Id.*

In February 2016, a federal grand jury indicted Finch on four counts: being a felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924 (Count I);[2] attempted Hobbs Act robbery and extortion, in violation of 18 U.S.C. § 1951 (Count II); knowingly using, carrying, brandishing, and discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1) (Count III); and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924 (Count IV). (Crim. Dkt. No. 1.) Counts I and IV related to the first shooting; Counts II and III related to the second shooting. *See Finch*, 764 F. App'x at 534–35. The "crime of violence" referred to by Count III was the attempted Hobbs act robbery and extortion charged in Count II. (Crim. Dkt. No. 1 at 2.)

"Before trial, [Finch] and the government came to a Rule 11(c)(1)(C) plea agreement, whereby [Finch] would plead guilty to all four charges in exchange for a total sentence of 180 months' imprisonment." *Finch*, 764 F. App'x at 535. But the government later sought to

---

[2] Although Count I of the indictment charged Finch with being a felon in possession of ammunition (Crim. Dkt. No. 1 at 1), the judgment reflects that the charged offense for Count I was being a felon in possession of a firearm (Crim. Dkt. No. 80 at 1). The difference is immaterial to our analysis.

2

withdraw from the plea agreement, alleging that Finch violently attacked his cellmate and stole the cellmate's property while awaiting sentencing. *Id.* While the government's request was pending, Finch reentered "a plea of guilty to the open indictment, with no agreement relating to his possible sentence." *Id.* We vacated the previous plea agreement and accepted Finch's open guilty plea. (Crim. Dkt. No. 49.) In April 2018, we held a sentencing hearing and sentenced Finch to a total of 290 months' imprisonment. (Crim. Dkt. No. 78.)

Finch appealed his sentence. *Finch*, 764 F. App'x at 534. In doing so, however, he did not argue that his attempted Hobbs Act robbery and extortion conviction was not a crime of violence under 18 U.S.C. § 924(c). *See id.* The Sixth Circuit found no reversible error in Finch's sentence and affirmed. *Id.*

A few months later, the Supreme Court issued its decision in *Davis*, in which it held that 18 U.S.C. § 924(c)(3)(B) (what is known as the statute's "residual clause") is unconstitutionally vague. 139 S. Ct. at 2323–24, 2336. Relying upon *Davis*, Finch now moves to vacate his § 924(c)(1) conviction under 28 U.S.C. § 2255, which allows a federal prisoner to "collaterally attack the validity of his conviction or sentence." *Harrington v. Ormond*, 900 F.3d 246, 249 (6th Cir. 2018).

## ANALYSIS

Under 18 U.S.C. § 924(c), the use or possession of a firearm in connection with a "crime of violence" constitutes a separate offense. 18 U.S.C. § 924(c)(1); *United States v. Richardson*, 948 F.3d 733, 741 (6th Cir. 2020). The statute defines crime of violence in two ways. 18 U.S.C. § 924(c)(3). "The first is by way of the elements clause," which requires a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *Id.* § 924(c)(3)(A); *United States v. Clancy*, 979 F.3d 1135, 1140 (6th Cir. 2020). "The second is by way of the 'residual' clause," which requires a felony "that by its nature,

involves a substantial risk that physical force . . . may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B); *Clancy*, 979 F.3d at 1140.

In *Davis*, the Supreme Court held that § 924(c)'s residual clause is unconstitutionally vague. 139 S. Ct. at 2323–24, 2336. Thus, after *Davis*, an offense constitutes a crime of violence under § 924(c) *only* if it meets the definition set forth by the elements clause. *Clancy*, 979 F.3d at 1140 ("Because the 'residual' clause is unconstitutionally vague, all that matters [after *Davis*] is whether the elements clause applies." (internal citation omitted)); *see also Richardson*, 948 F.3d at 741 (explaining that *Davis* does not "gut" the entirety of § 924(c) and leaves intact the "definition of crime of violence supplied by the statute's 'elements clause'"). *Davis* applies retroactively. *Portis v. United States*, 33 F.4th 331, 334 (6th Cir. 2022).

Finch argues that we should set aside his conviction under § 924(c)(1) because it depended on § 924(c)'s residual clause, which *Davis* nullified. (Mot. at 1–3.) This is so, Finch says, because neither attempted Hobbs Act robbery nor attempted Hobbs Act extortion satisfies the definition of crime of violence set forth in § 924(c)'s elements clause. (*Id.* at 5–6; Petitioner's Supplement to § 2255 Motion ("Supplement") (Civ. Dkt. No. 17) at 1.)

The government counters that Finch procedurally defaulted his claim by not raising it on direct appeal. (Response in Opposition to Motion to Vacate Sentence (Civ. Dkt. No. 8) at 3–7.) The government further argues that even if Finch has not procedurally defaulted his claim, we should uphold his § 924(c)(1) conviction because attempted Hobbs Act robbery qualifies as a crime of violence under § 924(c)'s elements clause. (*Id.* at 7–10.) And because attempted Hobbs Act robbery still qualifies as a crime of violence after *Davis*, the government continues, we need not consider whether attempted Hobbs Act extortion constitutes a crime of violence

after *Davis* as well. (*See* Response in Opposition to Supplemental Motion to Vacate Sentence (Civ. Dkt. No. 19) at 2 n.1.)

I.      **Procedural Default**

We begin by addressing the government's procedural default argument. "A defendant's failure to raise a claim on direct appeal typically bars the defendant from raising it during collateral review." *Obi v. United States*, 797 F. App'x 926, 929 (6th Cir. 2019). Yet this failure (known as a procedural default) "is not an absolute bar." *Id.* A defendant can raise a claim for the first time in a § 2255 petition "if he can show either (1) cause for the default and prejudice from the claim being barred, or (2) actual innocence." *Id.*

Finch concedes that he procedurally defaulted his *Davis* claim. (Petitioner's Reply to Response to § 2255 Motion ("Reply") (Civ. Dkt. No. 9) at 1.) He also concedes that he cannot prove "cause." (*Id.*) But Finch contends that if he prevails on the merits by demonstrating that his § 924(c)(1) conviction is invalid after *Davis*, he will show actual innocence that overcomes his procedural default. (*Id.* at 1–2, 5–6.)

We agree. "'[A]ctual innocence' means factual innocence," *Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604, 1611 (1998), and one way to show factual innocence is by identifying "an intervening change in the law that establishes" innocence, *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012) (quotation marks omitted). If Finch convinces us that his attempted Hobbs Act conviction does not constitute a crime of violence under § 924(c)'s elements clause, *Davis*'s retroactive holding that § 924(c)'s residual clause is unconstitutionally vague establishes his innocence on the § 924(c)(1) charge. *See, e.g.*, *United States v. Bowen*, 936 F.3d 1091, 1095, 1108 (10th Cir. 2019) (holding post-*Davis* that the defendant was innocent of violating § 924(c)(1) because the predicate convictions were not crimes of violence under the elements clause); *Starks v. United States*, 516 F. Supp. 3d 762, 767–68, 776–77 (M.D. Tenn.

2021) (same, but for a violation of § 924(j)); *see also Richardson*, 948 F.3d at 741 ("With the residual clause now gone, we can uphold Richardson's conviction and sentence under § 924(c) only if the statute underlying his conviction . . . satisfies § 924(c)'s elements clause."). Therefore, whether Finch is actually innocent of the § 924(c)(1) charge, and his procedural default thereby excused, depends upon the merits of his § 2255 motion, which we turn to next.

## II. The Merits

We first consider Finch's contention that because "the government declined to specify whether [his] plea was to an attempted robbery or rather to an attempted extortion, it procured a plea based on either attempted robbery or attempted extortion." (Supplement at 2.) By this contention, Finch appears to argue that if either attempted Hobbs Act robbery or attempted Hobbs Act extortion does not constitute a crime of violence after *Davis*, his § 924(c)(1) conviction must be set aside.

This argument is unpersuasive. The indictment charged Finch with attempted "robbery *and* extortion" in Count II and using a firearm during an "attempted robbery *and* extortion" in Count III. (Crim. Dkt. No. 1 (emphases added).) Finch then pled guilty to these counts as charged. (Crim. Dkt. No. 49; Crim. Dkt. No. 72 at 8:3–12, 11:18–12:16.) As such, Finch was convicted of both attempted Hobbs Act robbery and attempted Hobbs Act extortion. *Burleson v. United States*, No. 3:20-cv-487, 2020 WL 7027503, at *3 (M.D. Tenn. Nov. 27, 2020) (where the operative indictment charged the defendant with "attempted robbery *and* extortion" under the Hobbs Act, the defendant's guilty plea to the charge meant that he pled guilty to both offenses). So long as either offense satisfies the elements clause, Finch's § 924(c)(1) conviction must stand. *Id.* ("Since Burleson pled guilty to both underlying acts of attempted Hobbs Act robbery and attempted Hobbs Act extortion, a proper application of [Sixth Circuit precedent] requires us to

analyze both underlying acts: attempted Hobbs Act robbery and attempted Hobbs Act extortion. If either survive[s] *Davis* scrutiny, then the conviction must be upheld.").

That brings us to Finch's main argument: that attempted Hobbs Act robbery and attempted Hobbs Act extortion are not crimes of violence under § 924(c)'s elements clause. (*See* Mot. at 5–6; Reply at 2–4; Supplement at 1.) This argument fares much better.

When the parties completed their briefing in December 2020, the Sixth Circuit had not yet squarely addressed whether attempted Hobbs Act robbery satisfies § 924(c)'s elements clause, *Clancy*, 979 F.3d at 1140, and other appellate circuits had come to different conclusions, *see, e.g.*, *United States v. Taylor*, 979 F.3d 203, 208–10 (4th Cir. 2020) (holding that attempted Hobbs Act robbery is not categorically a crime of violence under the elements clause even though three other circuits had held otherwise); *see also United States v. Walker*, 990 F.3d 316, 324 (3d Cir. 2021) (recognizing circuit split as of March 2021). Courts in this District have likewise been divided on the issue. *Compare, e.g.*, *Burleson*, 2020 WL 7027503, at *4–5 (holding that attempted Hobbs Act robbery satisfies the elements clause), *and Wallace v. United States*, 458 F. Supp. 3d 830, 836–37 (M.D. Tenn. 2020) (same), *with United States v. Nunley*, No. 3:19-cr-00014, 2021 WL 927646, at *3 (M.D. Tenn. Mar. 11, 2021) (holding that attempted Hobbs Act robbery does not satisfy the elements clause), *and Starks*, 516 F. Supp. 3d at 773–76 (same). But on June 21, 2022, the Supreme Court resolved the matter when it held in *United States v. Taylor* that attempted Hobbs Act robbery does not qualify as a crime of violence under § 924(c)'s elements clause. 142 S. Ct. 2015, 2022 WL 2203334, at *4–5, *8 (2022). Thus, in view of *Davis*—which nullified § 924(c)'s residual clause—and *Taylor*—which held that attempted Hobbs Act robbery does not satisfy § 924(c)'s elements clause—Finch's conviction for attempted Hobbs Act robbery cannot support his § 924(c)(1) conviction.

Consequently, we can uphold Finch's § 924(c)(1) conviction only if attempted Hobbs Act extortion satisfies the elements clause. "To determine whether an offense of conviction satisfies the elements clause and thus qualifies for the additional punishment imposed by § 924(c)," we use what is referred to as the "categorical" approach. *Wingate v. United States*, 969 F.3d 251, 263 (6th Cir. 2020). Under this approach, we look to "the statutory definition of the offense, rather than the manner in which an offender may have violated the statute in a particular circumstance." *Id.* (quotation marks omitted). In doing so, "[w]e must determine whether the minimum criminalized conduct necessarily involves physical force as contemplated in" § 924(c)'s elements clause. *Id.*

The offense of attempted Hobbs Act extortion does not satisfy § 924(c)'s elements clause for two reasons. First, the government can prove Hobbs Act extortion based not only on the defendant's use of "actual or threatened force," but based on the use of "color of official right" or fear. *See* 18 U.S.C. § 1951(b)(2) (defining Hobbs Act extortion as "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right"). And neither extortion by "color of official right" nor through fear requires the use or threat of physical force. *See United States v. Watson*, 778 F. App'x 340, 345 (6th Cir. 2019) (explaining that extortion using one's color of official right "may—or may not—include threats of force, violence or fear"); *Capozzi v. United States*, 531 F. Supp. 3d 399, 404–05 (D. Mass. 2021) (concluding that Hobbs Act extortion can be committed without physical force "because it can be committed by fear of economic harm"). Because the *completed* act of Hobbs Act extortion does not categorically require the use, attempted use, or threatened use of physical force, it necessarily follows that an *attempt* to commit Hobbs Act extortion does not require the use, attempted use, or threat of physical force either.

Second, even if Hobbs Act extortion required the use, attempted use, or threat of physical force, attempting to commit Hobbs Act extortion, like attempting to commit Hobbs Act robbery, does not. *See Taylor*, 2022 WL 2203334, at *4–5. To prove attempted Hobbs Act extortion, the government must show two things: (1) intent to commit Hobbs Act extortion; and (2) taking a substantial step toward committing Hobbs Act extortion. *United States v. Shelton*, 30 F.3d 702, 705 (6th Cir. 1994) ("To prove an attempt, the government must show a defendant's intent to commit the proscribed criminal conduct together with the commission of an act that constitutes a substantial step towards commission of the proscribed criminal activity." (quotation marks omitted)). A defendant's intent to extort a victim through the use or threat of force, however, is not the same as using or threatening the use of force; it is an intention, nothing more. *Taylor*, 2022 WL 2203334, at *4. Nor does proving that a defendant took a substantial step toward extorting a victim by way of force require the government to show that the defendant *actually* used, attempted, or threatened the use of force against the intended victim. *See id.* at *4–5. Imagine that a criminal defendant identified a potential extortion target, followed him, and took photographs of the target's house. The defendant then drafted a letter informing the target that if he does not immediately wire him $10,000, the defendant will show up at the target's house (as shown by the enclosed photographs) and beat the money out of him. Although the defendant had no intention of confronting the target at his home and assaulting him, he hoped that the threat alone would make the target comply with the demand. But as the defendant was about to place the letter in the mailbox, the police arrested him—the defendant made the mistake of telling his friend about the scheme, and the friend tipped the police off. The defendant in this hypothetical took a substantial step toward extorting his target by a threat of force, but he did not use force, attempt to use force, or threaten to use force against the target. *See id.* (using a similar

9
Case 3:20-cv-00653  Document 21  Filed 07/01/22  Page 9 of 11 PageID #: 68

hypothetical to show why attempted Hobbs Act robbery does not satisfy the elements clause). The offense of attempted Hobbs Act extortion does not satisfy § 924(c)'s elements clause for this reason as well.

In sum, neither Finch's conviction for attempted Hobbs Act robbery nor his conviction for attempted Hobbs Act extortion satisfies the elements clause of 18 U.S.C. § 924(c). In view of *Davis*'s nullification of § 924(c)'s residual clause, this means that Finch's convictions for these acts cannot provide the predicate offense for his conviction under 18 U.S.C. § 924(c)(1). Stated differently, Finch is innocent of the § 924(c)(1) charge set forth in Count III and his procedural default is excused. We therefore vacate Finch's conviction on Count III. *See United States v. Augustin*, 16 F.4th 227, 231 (6th Cir. 2021) ("When . . . a district court determines that a defendant's conviction is unlawful, it must 'vacate and set the judgment aside.'" (quoting 28 U.S.C. § 2255(b))); *Lee v. United States*, No. 3:19-cv-00850, 2020 WL 7425862, at *8–9 (M.D. Tenn. Dec. 18, 2020) (vacating § 924(c) conviction that was based on an offense that did not satisfy the elements clause).

### III. Finch's Sentence

Because we are vacating Finch's conviction on Count III, we also correct Finch's sentence by vacating his sentence for Count III. *See Augustin*, 16 F.4th at 231–32. Vacating this sentence will not undermine or otherwise impact the sentence Finch received on Counts I, II, and IV, which stands independently and remains supported by the rationale we gave when we originally sentenced Finch.

To be clear, we are vacating the 120-month sentence we imposed, leaving Finch to serve out the remainder of his 170-month sentence of imprisonment. (*See* Crim. Dkt. No. 80 at 3.) Although we stated at the sentencing hearing and in the subsequent judgment that Finch's sentence was 120 months' imprisonment for Counts I, II, and IV, and 170 months' imprisonment

for Count III (*id.*; Crim. Dkt. No. 89 at 208:7–10), the Sixth Circuit correctly recognized that we had inadvertently transposed "the correct sentences from their proper charges" in what was the "equivalent of scrivener's error," *Finch*, 764 F. App'x at 537–38.  The sentence we imposed on Finch for Count III was for 120 months' imprisonment, and that is the sentence we now vacate.  Finch's sentence of 170 months' imprisonment for Counts I, II, and IV still stands.

## CONCLUSION

For the foregoing reasons, we grant Finch's § 2255 motion.  (Civ. Dkt. No. 1.)  We vacate Finch's conviction on Count III of the February 3, 2016 indictment (Crim. Dkt. No. 1) and his sentence of 120 months' imprisonment.  It is so ordered.

_____
Honorable Marvin E. Aspen
United States District Judge

Dated: July 1, 2022